**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**Penny Taylor,**

       **Plaintiff,**

**v.**                                                                           **Case No. 12-4130-JWL**

**Carolyn W. Colvin,[1]
Acting Commissioner of Social Security,**

       **Defendant.**

## MEMORANDUM & ORDER

Plaintiff Penny Taylor brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of defendant, the Commissioner of Social Security, to deny her application for a period of disability and disability insurance benefits under Title II of the Social Security Act. According to plaintiff, defendant failed to consider a post-hearing opinion submitted by plaintiff's treating psychiatrist concerning plaintiff's onset date and erroneously failed to call upon a medical advisor to determine the onset date of plaintiff's disability. As explained in more detail below, the court rejects plaintiff's arguments and affirms defendant's decision.

**I.    Procedural Background**

---

[1] On February 14, 2013, Ms. Colvin became Acting Commissioner of Social Security and the court thus substitutes Ms. Colvin for Commissioner Michael J. Astrue as the defendant. *See* Fed. R. Civ. P. 25(d)(1).

On March 3, 2009, plaintiff filed her application for a period of disability and disability insurance benefits, alleging disability beginning April 4, 2000 due to anxiety and depression. The application was denied both initially and upon reconsideration. At plaintiff's request, an administrative law judge ("ALJ") held a hearing on August 25, 2010, at which both plaintiff and her counsel were present. On October 8, 2010, the ALJ rendered a decision in which he determined that plaintiff was not under a "disability" as defined by the Social Security Act before December 31, 2006, the date plaintiff was last insured for disability insurance benefits. Consequently, the ALJ denied all benefits to plaintiff. After the ALJ's unfavorable decision, plaintiff requested review by the Appeals Council. The Appeals Council denied plaintiff's request for review on August 3, 2012, rendering the ALJ's decision the final decision of defendant.

## II. Standard of Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether defendant's decision is supported by substantial evidence in the record as a whole and whether defendant applied the correct legal standards. *See Wells v. Colvin*, 727 F.3d 1061, 1067 (10th Cir. 2013) (citing *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)). The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Wilson*, 602 F.3d at 1140). In the course of its review, the court may not reweigh the evidence or substitute its judgment for that of defendant. *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008).

### III. Relevant Framework for Analyzing Claim of Disability and the ALJ's Findings

A "disability" for purposes of the Social Security Act requires both the "inability to engage in any substantial gainful activity" and "a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Bussell v. Astrue*, 463 Fed. Appx. 779, 781 (10th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)). The Social Security Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Wilson*, 602 F.3d at 1140 (quoting *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. § 423(d)(2)(A), 1382c(a)(3)(B))).

The Social Security Administration has established a five-step sequential evaluation process for determining whether a claimant is disabled, *see id*. at 1139, and the ALJ in this case followed the five-step process. If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary. *Id.* Step one requires the claimant to show that he or she is not presently engaged in substantial gainful activity. *Id*. Here, the ALJ determined that plaintiff was not engaged in substantial gainful activity and, thus, properly proceeded to the second step. The second step of the evaluation process involves a determination of whether "the claimant has a medically severe impairment or combination of impairments" that significantly limits his or her ability to perform basic work activities. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citing 20 C.F.R. § 404.1521).

The ALJ in this case concluded that plaintiff's post-traumatic stress disorder (PTSD); major depression secondary to PTSD; and anxiety-related disorder were "severe" within the meaning of the regulations and, thus, the ALJ proceeded to step three.

In step three, the ALJ determines whether the impairment "is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity." *Best-Willie v. Colvin*, 514 Fed. Appx. 728, 733 (10th Cir. 2013). "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits." *Id.* If not, the evaluation proceeds to the fourth step, where the claimant must show that the "impairment or combination of impairments prevents him from performing his [or her] past work." *Wilson*, 602 F.3d at 1139 (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). With respect to the third step of the process in this case, the ALJ determined that plaintiff's impairments were not listed or medically equivalent to those listed in the relevant regulations. At the fourth step, the ALJ concluded that plaintiff was unable to perform past relevant work as a landscape sales attendant in light of limitations on plaintiff's ability to interact with the general public.

Thus, the ALJ proceeded to the fifth and final step of the sequential evaluation process– determining whether the claimant has the residual functional capacity (RFC) "to perform work in the national economy, given her age, education, and work experience." *See id.* (quoting *Lax*, 489 F.3d at 1084). At that point, the ALJ properly shifted the burden of proof to defendant to establish that plaintiff retains a sufficient capacity to perform an alternative work activity and that there are sufficient jobs in the national economy for a hypothetical person with the claimant's impairments. *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009). At this

step, the ALJ concluded that plaintiff was not disabled, a conclusion that rested on a finding that plaintiff, despite possessing certain nonexertional limitations concerning interaction with others, nonetheless could perform a significant number of jobs in the national economy, including performing work as a price marker, an inserting machine operator and an electrical assembler.

## IV. Analysis of Plaintiff's Specific Arguments

In her motion, plaintiff contends that defendant made two errors in this case–both the ALJ and the Appeals Council failed to consider the post-hearing opinion of plaintiff's treating psychiatrist suggesting that plaintiff's impairments began before 2006 and the ALJ failed to call on a medical advisor to determine the onset date of plaintiff's disability. The court addresses both of these arguments in turn.

After the administrative hearing before the ALJ, plaintiff's treating psychiatrist Dr. Sam Bradshaw completed two questionnaires provided to him by plaintiff's counsel.[2] Those questionnaires, along with a cover letter to the ALJ from plaintiff's counsel, are presently before the court as Exhibit 16F. The first questionnaire reflects that Dr. Bradshaw treated plaintiff from October 30, 2006 through April 22, 1010 and that, in Dr. Bradshaw's opinion, plaintiff's condition met the requirements of Listing 12.06. The second questionnaire, titled "Mental Residual Functional Capacity Questionnaire," reflects Dr. Bradshaw's opinion that plaintiff's mental problems were sufficiently severe to prevent her from sustaining work activity beginning in April 2000. These questionnaires were purportedly sent to the ALJ's office via facsimile on September 24, 2010. According to plaintiff, defendant erred when it failed to consider this

---

[2] Plaintiff is now represented by different counsel.

5

evidence because it was the "only evidence" supporting the conclusion that plaintiff was disabled prior to her date last insured. Defendant does not dispute that Dr. Bradshaw's post-hearing opinion (Exhibit 16F) was not expressly considered by the ALJ or the Appeals Council.

The court finds no error in either the ALJ's failure or the Appeals Council's failure to expressly consider Dr. Bradshaw's post-hearing opinion. With respect to the ALJ's failure to consider the opinion, plaintiff has not shown the court that the opinion was ever made part of the record before the ALJ. At the end of the administrative hearing, plaintiff's counsel did not request that the record be held open for the submission of additional evidence and there is no indication that the ALJ expected to receive (or that plaintiff planned to submit) additional evidence prior to issuing his decision. Significantly, the ALJ expressly closed the record at the conclusion of the hearing on August 25, 2010. In faxing Dr. Bradshaw's opinion to the ALJ, plaintiff's counsel did not request that the ALJ reopen the record and did not make any effort to explain why the evidence was not submitted prior to the hearing. *See* 20 C.F.R. § 405.331(a) (ALJ will accept evidence submitted after hearing and prior to issuance of decision only if claimant shows that there is a reasonable probability that it will affect the outcome of the claim and circumstances beyond his or her control that prevented earlier submission). Dr. Bradshaw's opinion, then, was not included in the List of Exhibits attached to the ALJ's decision. Because plaintiff has not sustained her burden of establishing that the opinion was part of the record before the ALJ, the court finds no error in the ALJ's failure to consider it. *See Eads v. Secretary of Health & Human Servs.,* 983 F.2d 815, 816-17 (7th Cir. 1993) (ALJ cannot be faulted for having failed to weigh evidence never presented to him); *Ostigny v. Commissioner of Social Security*, 2013 WL 4605647, at \*3 (S.D. Ohio Aug. 29, 2013) (in reviewing ALJ's decision,

court could not consider post-hearing evidence that was untimely submitted to the ALJ after the record was closed and ALJ did not err by failing to address the evidence); *Franson v. Commissioner of Social Security*, 556 F .Supp. 2d 716, 723-24 (W.D. Mich. 2008) (any fault relating to ALJ's failure to consider post-hearing exhibits rested "squarely on plaintiff's attorney's shoulders" when attorney mailed exhibits to ALJ weeks after record was closed and exhibits were thus never properly before the ALJ).

Similarly, there is no evidence before the court that plaintiff's counsel made Dr. Bradshaw's opinion part of the record before the Appeals Council. The record before this court reflects that the only "additional evidence" that the Appeals Council received was Exhibit 21E—a brief from plaintiff's counsel that made no reference to Dr. Bradshaw's opinion. In the absence of evidence that Exhibit 16F was properly before the Appeals Council, it was not error for the Appeals Council to fail to consider the evidence. Even if the evidence had been properly submitted to the Appeals Council, it would play no role on judicial review because the evidence is neither "new" nor "material" and would have had no bearing on the outcome of this case. *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011). While plaintiff's counsel did not obtain the questionnaires from Dr. Bradshaw until September 2010, they were clearly available and obtainable prior to the administrative hearing in this case. Indeed, the questionnaires relate exclusively to Dr. Bradshaw's treatment of plaintiff from 2006 through April 2010. Plaintiff, then, has not shown that the evidence is "new" for purposes of 20 C.F.R. § 404.870(b).

Neither has plaintiff established that the evidence is material. Dr. Bradshaw's opinion that plaintiff's condition met the requirements of Listing 12.06 (and was therefore disabled) is not dispositive because it is a legal conclusion reserved to the Commissioner. *Whatley v.*

*Colvin*, 2013 WL 3285603, at *2 (10th Cir. July 1, 2013) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994)). Moreover, Dr. Bradshaw's opinion that plaintiff's impairments became disabling in April 2000 is hardly persuasive when Dr. Bradshaw did not begin treating plaintiff until 2006. Finally, plaintiff's contention that the opinion of Dr. Bradshaw is the "only evidence" that plaintiff's impairments began prior to her date last insured lacks merit. The ALJ fully considered the treatment notes of Dr. Bradshaw from 2006—notes that did not indicate an inability to work and that reflected marked improvement with medication and therapy. The ALJ also considered—and largely rejected as inconsistent with other evidence in the record—evidence from Dr. Robert Jacoby, plaintiff's primary care physician, who opined that plaintiff could not sustain regular work due to depression and anxiety prior to 2006. For the foregoing reasons, the court finds no error in any failure to consider the post-hearing opinion of Dr. Bradshaw.

The court also rejects plaintiff's argument that the ALJ erred by failing to call on a medical advisor, in accordance with Social Security Ruling (SSR) 83-20, to determine the onset date of plaintiff's disability in light of ambiguous medical evidence on that issue. The Tenth Circuit has held that SSR 83-20 does not apply when the ALJ has determined, as here, that the claimant has no disability. *Webb v. Secretary of Health & Human Servs.*, 17 F.3d 1437, 1994 WL 50459, at *2 (10th Cir. Feb. 22, 1994) (if ALJ finds no disability, then "we do not reach the question of when any disability started"); *see also Lair-Del Rio v. Astrue*, 380 Fed. Appx. 694, 696 (9th Cir. 2010) (requirement that ALJ call a medical expert where the onset date of the disability is unclear only applies where a claimant has been found disabled); *Nix v. Barnhart*, 160 Fed. Appx. 393, 396-97 (5th Cir. 2005) (same, citing cases); *Scheck v. Barnhart*, 357 F.3d

697, 701 (7th Cir. 2004) ( SSR 83-20 did not apply where ALJ did not find that claimant was disabled); *accord Sunderland v. Astrue*, 2012 WL 1534692, at *6 (D. Kan. May 1, 2012) (where plaintiff failed to show error in determination that plaintiff was not disabled, there was "no reason" to infer onset date for purposes of SSR 83-20).  Because the ALJ determined that plaintiff was not disabled—a determination that plaintiff has not shown was erroneous—she has not established that SSR 83-20 applies to her case.

In sum, having carefully reviewed the record in this case and having considered plaintiff's arguments in light of the record, the court concludes that substantial evidence supports defendant's decision to deny Ms. Taylor's application for disability benefits and that no deviation from established legal standards occurred.

**IT IS THEREFORE ORDERED BY THE COURT THAT** judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) affirming the Commissioner's final decision.

**IT IS SO ORDERED.**

Dated this 2nd day of December, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
